# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PATRICIA GREEN,                                          Case No. 1:04-cv-216
      Plaintiff

      vs

JACKSON NATIONAL LIFE
INSURANCE COMPANY, et al.,                  **ORDER**
      Defendants                                (Hogan, M.J.)


      This matter is before the Court on defendant Jackson National Life Insurance Company's motion for partial summary judgment (Doc. 35), plaintiff's memorandum in opposition thereto (Doc. 36), and defendant's reply memorandum. (Doc. 37).

      The facts of this matter are set forth in the decision of the Sixth Circuit Court of Appeals and incorporated by reference herein. (Doc. 30 at 1-5).  On May 13, 2005, the undersigned granted defendant's motion for summary judgment in this matter. (Doc. 25). This Court determined that defendant was entitled to summary judgment on plaintiff's breach of contract claims, bad faith claim, and promissory estoppel claim. *Id.*  Plaintiff appealed to the Sixth Circuit Court of Appeals, arguing that material issues of fact exist regarding (1) whether Mrs. Green was an intended third party beneficiary of her husband's life insurance policy; (2) whether the November 15, 2002 letter from Jackson National constituted a waiver of the change of beneficiary provisions of the insurance policy; and (3) whether Jackson National should be required to compensate Mrs. Green based on the November 15, 2002 letter under the doctrine of promissory estoppel. (Doc. 30 at 5-6).  The Court of Appeals affirmed the District Court's holding that Jackson National did not waive the change of beneficiary

provision of its insurance policy, but reversed the entry of summary judgment on plaintiff's claim to enforce the policy as a third party beneficiary and her claim of promissory estoppel and remanded for a trial on the merits. (Doc. 30).

Defendant now moves for partial summary judgment on plaintiff's bad faith claim, contending that plaintiff failed to raise this claim on appeal and therefore has waived the claim. In the alternative, defendant contends the bad faith claim is without merit. (Doc. 35).

Plaintiff argues her bad faith claim is not waived because the Court of Appeals' remand order does not limit its decision to plaintiff's claims to enforce the policy as a third party beneficiary and promissory estoppel. Plaintiff contends that the District Court in its ruling on summary judgment never reached the separate tort of the bad faith claim. Since the District Court determined that plaintiff was not a party to the contract, that decision effectively mooted plaintiff's bad faith claim. In addition, plaintiff asserts her bad faith claim should be determined on the merits by a jury at trial.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Under Rule 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect

2

the outcome of the action.  *Celotex Corp.*, 477 U.S. at 323.  The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial.  *Anderson*, 477 U.S. at 249-50.  The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52.

This Court finds defendant's motion for partial summary judgment to be well-taken. On appeal, plaintiff failed to contest the District Court's summary judgment ruling on her bad faith claim.  Therefore, plaintiff has waived any right to assert the claim on remand to this Court.

"Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002) (citing *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir. 1994)).  The law-of-the-case doctrine prohibits "challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not." *Rouse*, 300 F.3d at 715 (citing *United States v. Adesida,* 129 F.3d 846, 849-50 (6th Cir.1997) (citation omitted)).  The Sixth Circuit in *Adesida* reasoned that "[a] party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter, for '[i]t would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.'" *Adesida,* 129 F.3d at 850 (quoting *Fogel*

3

*v. Chestnutt,* 668 F.2d 100, 109 (2d Cir. 1981)). "To conclude otherwise would also undermine both efficiency and finality and may render appellate courts susceptible to piece-meal appeals." *Waste Management of Ohio, Inc. v. City of Dayton*, 169 Fed. Appx. 976, 986 - 987 (6th Cir. 2006).

In this case, plaintiff pled a separate bad faith claim in her complaint. (Doc. 1, ¶¶24-26, Fourth Cause of Action).[1]  It its summary judgment order, the Court explicitly addressed and decided the bad faith claim in defendant's favor:

> Plaintiff asserts a bad faith claim against defendant alleging that the insurer's failure to pay her the proceeds of the policy constitutes bad faith.  An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor. *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 644 N.E.2d 397 syllabus ¶ 1 (1994).  The insured has the burden of establishing bad faith on the part of the insurance company. *Rauh Rubber, Inc. v. Berkshire Life Ins. Co.*, 1999 U.S. App. LEXIS 34043 * 7 (6th Cir. 1999) (internal citations omitted).  In this case, plaintiff's breach of contract claims are without merit and therefore there is no basis for a bad faith claim. Defendant is entitled to summary judgment on this issue.

(Doc. 25 at 11-12).  The Court's decision on the bad faith claim is premised on plaintiff's failure to establish her right as an "insured" or "beneficiary" under the contract by virtue of the Court's rejection of her breach of contract claims.  Although the Court did not reach the element of "reasonable justification" for purposes of plaintiff's bad faith claim,  the Court nevertheless did definitively rule on plaintiff's bad faith claim contrary to her contention.  The Court's rejection of plaintiff's bad faith claim thus became the law-of-the-case.

---

[1]"A bad-faith claim is separate and distinct from an action claiming a breach of contract. It arises, instead, as a consequence of a breach of a duty established by a *particular* contractual relationships." *Grange Mut. Cas. Co. v. Rosko*, 146 Ohio App.3d 698, 712, 767 N.E.2d 1225, 1236 (Ohio App. 7 Dist. 2001) (citing *Dietz-Britton v. Smythe, Cramer Co.*, 139 Ohio App.3d 337, 350-51, 743 N.E.2d 960, 970 (Ohio App. 8 Dist. 2000) and *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 275-276, 452 N.E.2d 1315 (1983)) (emphasis in the original).

On appeal, plaintiff argued that the District Court erred in finding that she was not a

third party beneficiary, in determining that the November 15, 2002 letter did not constitute a

waiver of the change of beneficiary provision of the policy, and in rejecting plaintiff's

promissory estoppel claim. (Doc. 30 at 5-6).  Plaintiff did not, however, contend the District

Court's summary judgment ruling on her bad faith claim was erroneous.  Since plaintiff could

have raised her bad faith claim in her appeal but did not, she has waived consideration of this

claim on remand to this Court. *Adesida,* 129 F.3d at 849-50.  While there are narrow

exceptions to the application of the law-of-the-case doctrine, none of those exceptions apply

in this case.  *See Coal Resources, Inc. v. Gulf & W. Indus.*, 865 F.2d 761, 766-67 (6th Cir.

1989) (reconsideration of the law of the case may occur when "the evidence in a subsequent

trial was substantially different; controlling authority has since made a contrary decision of

law applicable to such issues; or the decision was clearly erroneous, and would work a

substantial injustice").

Therefore, defendant's motion for partial summary judgment (Doc. 35) is

**GRANTED**.

**IT IS SO ORDERED**.

Date: 6/4/2007                                      s/Timothy S. Hogan
                                                    Timothy S. Hogan
                                                    United States Magistrate Judge

5